IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VEHICULAR SCIENCES LLC, | § § § | |
| vs. | § § | 6:12cv404 MHS-JDL (Lead) |
| TOYOTA MOTOR CORPORATION, et al. | § § § | |

## ORDER

Before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review of the Asserted Claims (Doc. No. 150) ("Motion"). The matter has been fully briefed (Doc. Nos. 154, 157 & 158). On November 21, 2013, the Court held a hearing on the Motion. Having fully considered the parties' arguments, Defendants' Motion to Stay is **DENIED WITHOUT PREJUDICE**.

On June 25, 2012, Plaintiff American Vehicular Sciences LLC ("AVS") simultaneously filed seven patent infringement cases[1] against Toyota[2] asserting infringement of 24 patents.[3] MOT. at 3. The seven patent cases were consolidated into the '404 case for all pretrial issues on November 1, 2012 (Doc. No. 38). AVS is also asserting the same and additional patents against automakers Hyundai, Kia, Honda, Subaru, Mazda and Mercedes (collectively, "the Related AVS Defendants")[4] for a total of seven defendants and 24 patents. On June 21, 2013, Aisin, a Toyota

---

[1] Case nos. 6:12cv404 ("the '404 case"), 6:12cv405 ("the '405 case"), 6:12cv406 ("the '406 case"), 6:12cv407 ("the '407 case"), 6:12cv408 ("the '408 case"), 6:12cv409 ("the '409 case") and 6:12cv410 ("the '410 case"). The '407 and '409 cases have since settled (Doc. Nos. 108 & 167).

[2] The Toyota Defendants include Toyota Motor Corporation; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota Motor Manufacturing, Indiana, Inc.; and Toyota Motor Manufacturing, Kentucky, Inc; and Gulf States Toyota, Inc.

[3] On the same day, AVS filed five simultaneous suits against BMW Defendants, alleging infringement of some of the same patents. They have since settled. *American Vehicular Sciences LLC v. BMW Group, a/k/a BMW AG*, et al., No. 6:12cv411 (E.D. Tex.) (Doc No. 84).

[4] Hyundai Motor Company, et al. Case Nos. 6:12cv774 (Lead), 6:12cv775, 6:12cv776, and 6:13cv270; Kia Motors Corporation, et al., Case Nos. 6:13cv147 (Lead), 6:13cv148, 6:13cv150; American Honda Motor Co., et al., Case

supplier and non-party, filed petitions for *inter partes* review ("IPR") in the U.S. Patent and Trademark Office ("PTO") for patents in the '409 case which has since been dismissed. On July 8 and July 12, 2013, Toyota Motor Corporation ("TMC") filed IPR petitions for eleven patents in the '405, '406, and '410 cases. These petitions collectively seek post-grant review of 122 claims. The Toyota Defendants filed the instant motion to stay pending IPR on August 13, 2013 requesting a stay of the five remaining patent infringement cases (Doc. No. 150). The PTO has not issued a decision on whether it will grant review.

Because the PTO has not yet determined if review is appropriate, or if appropriate, the parameters of such review, the Court finds Defendants' request premature. Accordingly, this case shall proceed in accordance with the Second Amended Docket Control Order (Doc. No. 193). If the PTO grants Toyota's petitions, Defendants may reurge their motion within ten days of the PTO's ruling.

Additionally, a stay may only be beneficial if all Defendants agree that they are challenging validity of the patents through the IPR petition with the Patent Trial and Appeals Board and not in Court. Under 35 U.S.C. § 315(e), should the PTO issue a final written decision, the petitioner in the IPR is estopped from asserting in a civil action "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." The Court understands that all Toyota Defendants accept this estoppel effect. However, the estoppel effect on the nonmoving related AVS Defendants is unclear. Therefore, if Toyota Defendants seek a stay based on the grant of their IPR petitions, the Court orders all nonmoving related AVS Defendants to file within ten days of Toyota's filing, no more than five pages indicating whether that party will (1) stipulate to the same estoppel effect that will apply

---

Nos. 6:13cv226 (Lead), 6:13cv227, 6:13cv228; Subaru of America, Inc. Case Nos. 6:13cv229 (Lead), 6:13cv230; Mazda Motor of America Case No. 6:13cv231; and Mercedes-Benz U.S. International, Inc., et al., Case Nos. 6:13cv307 (Lead), 6:13cv308, 6:13cv309, 6:13cv310.

against Toyota resulting from the IPRs or some variation thereof, and (2) stipulate to be bound as soon as the PTO issues its decisions on the IPRs rather than waiting until the appeal process is completed.   Toyota is required as part of its Certificate of Conference on the Motion to Stay to ensure that the nonmoving related AVS Defendants have been informed of this requirement.

**So ORDERED and SIGNED this 7th day of January, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE